UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MELISSA ZACHERY-HOLT,**

      Plaintiff,

v.                                            Case No: 8:22-cv-2506-MSS-AAS

**COMMISSIONER OF SOCIAL SECURITY,**

      Defendant.

_____

**ORDER**

This **CAUSE** is before the Court for consideration of Plaintiff's Motion for Relief from a Judgment or Order. (Dkt. 19) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **DEFERS RULING** on Plaintiff's Motion.

On August 30, 2021, Plaintiff applied for Disabled Widow Benefits. (Dkt. 1) On February 27, 2022, the Commissioner issued its initial determination on Plaintiff's claim for benefits. (Dkt. 1-2) On March 16, 2022, Plaintiff requested reconsideration of the Commissioner's initial determination. (Dkt. 1-3) By letter dated June 30, 2022, the Social Security Administration advised Plaintiff that "[she] should hear from the local office within 45 days. Any follow up request should be made to the Lakeland FL Social Security office." (Dkt. 1-4) On November 3, 2022, Plaintiff commenced this action seeking a writ of mandamus to command the Commissioner of Social Security

to issue a formal reconsideration decision on Plaintiff's claim for Disabled Widow Benefits. (Dkt. 1)

On January 31, 2023, the Commissioner issued a Disability Determination Explanation in response to Plaintiff's request for reconsideration. (Dkt. 11-1) The Commissioner concedes that the January 31, 2023 response failed to advise Plaintiff of her appeal rights. (Dkt. 23) On March 21, 2023, the Commissioner moved to dismiss Plaintiff's petition for lack of subject matter jurisdiction. (Dkt. 11) The Commissioner specifically argued that its January 31, 2023 determination provided Plaintiff with the specific relief she requested and thus there was no longer a case or controversy for this Court to resolve. (Id. at 5)  On May 22, 2023, United States Magistrate Judge Amanda Arnold Sansone issued a report and recommendation finding *inter alia* that "[n]o such final decision from the Commissioner exists in this case." (Dkt. 17 at 6) Judge Sansone therefore recommended that this case be dismissed for lack of subject matter jurisdiction. (Id.) Plaintiff did not timely object to Judge Sansone's Report and Recommendation. The Undersigned adopted Judge Sansone's Report and Recommendation. (Dkt. 18)

On August 17, 2023, Plaintiff moved to set aside the Court's Order dated June 15, 2023, on grounds that she cannot satisfy the administrative exhaustion requirement necessary to invoke this Court's jurisdiction because the January 31, 2023 determination failed to inform Plaintiff of her appeal rights. (Dkt. 19) The Commissioner's response conceded Plaintiff was not apprised of her appeal rights and instead argued this Court lacks jurisdiction because "the Commissioner is currently

working to send Plaintiff a notice addressing the DWB reconsideration, and this Court should decline Plaintiff's invitation to impose a deadline for the Commissioner to send Plaintiff a corrected notice." (Dkt. 23)

Rule 60(b) of the Federal Rules of Civil Procedure provides the following as grounds for relief from a final judgment or order:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). "[A]ny other reason that justifies relief" is a catchall provision that authorizes relief from judgment only upon a showing of exceptional circumstances. Cavaliere v. Allstate Ins. Co., 996 F.2d 1111, 1115 (11th Cir. 1993). The moving party "must demonstrate a justification so compelling that the district court [i]s required to vacate its order." Cano v. Baker, 435 F.3d 1337, 1342 (11th Cir. 2006).

"The administrative review process includes an initial determination, reconsideration, a hearing before an ALJ, and review by the Appeals Council." Anderson v. Comm'r, SSA, 544 F. App'x 861, 862 (11th Cir. 2013);[1] see also

---

[1] The Court notes that "[a]lthough an unpublished opinion is not binding on this court, it is persuasive authority. See 11th Cir. R. 36-2." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000). Where cited herein, any

Weinberger v. Salfi, 422 U.S. 749, 750 (1975) ("the finality required for judicial review is achieved only after the further steps of a hearing before an administrative judge and, possibly, consideration by the Appeals Council.") Judicial review may be permitted after a reconsideration determination when the Commissioner does not challenge a claimant's contention that the reconsideration determination is final. See e.g., Weinberger, 422 U.S. at 750.

     Here, it appears at least at first glance that Plaintiff received the relief she sought in her mandamus petition from the Social Security Administration on January 31, 2023, rather than from the Court. However, the Commissioner now concedes, Plaintiff has not yet been informed of how or when she must request review by an administrative law judge or eventually the appeals council. Plaintiff is therefore left to await the Commissioner's notice advising her of any appeal rights. To be clear, it took the Commissioner 338 days to issue a determination of Plaintiff's request for reconsideration. Even then, the Commissioner's determination failed to include the necessary language to inform Plaintiff of her appeal rights. Now, 730 days later, Plaintiff remains unapprised of her appeal rights. These delays are much longer than the 60-day time limits normally allotted to a claimant to either seek review by an administrative law judge or review by the appeals council. See e.g., Bowen v. City of New York, 476 U.S. 467, 486 (1986); Weinberger, 422 U.S. at 750.

---

unreported decision of a panel of the Circuit is considered well-reasoned and is offered as persuasive, not binding authority.

The Commissioner has represented to this Court that the "Center for Disability and Program Support is in communication with the Payment Service Center to send a corrected notice addressing the DWB reconsideration decision and Plaintiff's appeal rights." (Dkt. 23-1 at ¶ 6) Therefore, the Court **DEFERS** its **RULING** on Plaintiff's Motion at this time to avoid interfering with the agency process. The Clerk is **DIRECTED** to **STAY AND ADMINISTRATIVELY CLOSE** this case for 90 days to allow the agency process to be completed. If the matter is resolved by the agency's action, the Parties shall notify the Court within twenty-one (21) days of that event. Thereafter, if appropriate, Plaintiff may move to reopen to allow the Court rule on her motion for relief from judgment. If Plaintiff moves to reopen this case, she should renew any arguments related to waiver of the exhaustion requirement at that time and she should specifically address binding precedent in this Circuit. If no notice is filed within ninety days and no request for an extension of time is made, the Court will finally **CLOSE THE CASE**.

**DONE** and **ORDERED** in Tampa, Florida, this 11th day of March 2024.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Any pro se party